Argued and submitted November 26, affirmed December 31, 1986

STATE OF OREGON,
*Respondent,*

*v.*

STEVEN LYNN YANCEY,
*Appellant.*

(C85-08-33208; CA A39394)

730 P2d 1287

John P. Daugirda, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Defendant seeks reversal of his conviction for rape in the first degree. ORS 163.375. We affirm.

At trial, an osteopathic physician who had treated the victim for Neisseria gonorrhea, testified that, in the course of treatment, the victim told him of her sexual contact with defendant. The doctor then consulted defendant's Corrections Division medical records, which revealed that he had been examined and treated for the same type of gonorrhea.

The sole issue on appeal is whether the trial court erred in denying defendant's motion to suppress the results and the doctor's analysis of defendant's laboratory tests. He contends that they violate ORS 434.055,[1] which provides:

"No local health authority officer or employe shall be examined in a civil, criminal, special or other proceeding as to the existence or contents of pertinent records of a person examined or treated for an infectious venereal disease in a local health authority facility, without the consent of the person examined or treated for such disease."

The statute is inapplicable here. First, the victim's doctor is a private practitioner, not a local health officer. Second, defendant's examination did not occur in a "local health authority facility" but in the Oregon State Correctional Institution, where he was an inmate. The trial court did not err.

Affirmed.

---

[1] Defendant also discusses other statutes and alleges a violation of his rights under Article I, section 9, of the Oregon Constitution, and the Fourth Amendment of the United States Constitution. Because none of those arguments was articulated before the trial judge, we do not address them.